IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL DAWSON,                       :
                                      :
    Plaintiff,                        :
                                      :
vs.                                   :
                                      :   CIVIL ACTION 11-0110-CG-M
KATINA R. QUAITES,                    :
                                      :
    Defendant.                        :

------------------------------

KATINA R. QUAITES and                 :
BARONSKI JACKSON-LETT,                :
                                      :
    Third-Party Plaintiffs,           :
                                      :
vs.                                   :
                                      :
LARRY LUCAS, LAURA HENSLEY, and       :
RICHARD E. CHENOWETH,                 :
                                      :
    Third-Party Defendants.           :

------------------------------

KATINA R. QUAITES,                    :
                                      :
    Cross-Claim Plaintiff,            :
vs.                                   :
                                      :
MICHAEL DAWSON, *et al.*,             :
                                      :
    Cross-Claim Defendant.            :

REPORT AND RECOMMENDATION

The Motion to Dismiss filed by Plaintiff and Cross-Claim

1

Defendant Michael Dawson (Doc. 6) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Jurisdiction has been invoked in this Court under 42 U.S.C. § 1983. After consideration, it is recommended that Plaintiff's motion be granted.

The facts are, briefly, as follows. On May 27, 2009, Plaintiff Dawson, a Daphne police officer, was working as a private security guard at Dillard's Department Store in Spanish Fort when Defendant Katina R. Quaites went into the store (*see* Doc. 6, ¶ 1). Dawson attempted to detain Quaites for shoplifting; Quaites resisted arrest and sprayed Plaintiff with pepper spray (*see* Doc. 6, ¶ 1). On July 27, 2010, Dawson filed an action in the Baldwin County District Court, claiming that Quaites had committed assault and battery against him (Complaint).[1] On December 7, 2010, default judgment was entered against Quaites who, later that same day, moved to set the default judgment aside; that motion was granted and the trial was rescheduled for February 1, 2011 (*see* Doc. 1, ¶ 3).

On January 30, 2011, Quaites and her son, Third-Party Plaintiff Baronski Jackson-Lett, filed a Cross-Complaint and a Third-Party Complaint (hereinafter referred to as *Cross-*

---

[1]The Complaint can be found at page nine of document one.

*Complaint*)[2] in the Baldwin County Circuit Court asserting the following claims: (1) arrest under 42 U.S.C. § 1983; (2) detention and confinement under § 1983; (3) strip search under § 1983; (4) conspiracy under § 1983; (5) refusing or neglecting to prevent under § 1983; (10)[3] assault; (11) battery; (12) conspiracy; (13) intentional infliction of emotional distress; (14) negligence; and (15) negligent infliction of emotional distress (Cross-Complaint). The Cross-Complaint, in addition to raising claims against Plaintiff, brought claims against the following Third-Party Defendants: Larry Lucas, Dillard's store manager; Laura Hensley, a Dillard's employee; and Richard E. Chinoweth, Spanish Fort Police Department Investigator (Cross-Complaint, ¶¶ 5-7).[4] On January 31, 2011, the District Court transferred the Complaint to the Circuit Court "as damages in [the] counterclaim exceed jurisdictional amounts of [the] district court" (Doc. 1, p. 24).

---

[2]The Cross-Complaint and Third-Party Complaint can be found at pages ten through twenty-two at document one.
[3]The Court is aware that the numbered counts jumped from number five to number ten, but this is how they are numbered in the Cross-Complaint. The Court also notes that the Cross-Complaint is hard to follow in that it repeatedly refers to Quaites as Smith. It also refers to a Defendant Carlos Smith at one point (Cross-Complaint, ¶ 15) though he is referenced no where else in the pleading. The Cross-Complaint also fails to consistently specify which claims are brought against which Defendants.
[4]Third-Party Defendant Paul Wilson was dismissed by U.S. District Court Judge Granade as he was not timely-served (Doc. 18).

On March 2, Lucas and Hensley removed the action to this Court, pursuant to 28 U.S.C. § 1441, asserting that this Court has jurisdiction under 42 U.S.C. § 1331, as some of the claims raised in the Cross-Complaint and Third Party Complaint arise under the laws of the United States, *viz.*, § 1983 (Doc. 1). They further urge this Court to accept supplemental jurisdiction over the non-federal claims under 42 U.S.C. § 1367, asserting that all claims arise out of a common nucleus of facts (Doc. 1). Within a week of the removal, Dawson filed this Motion to Dismiss (Doc. 6) to which Quaites has responded (Doc. 11).

In his Motion, Dawson asserts three different reasons as to why some or all of the claims against him should be dismissed.[5] The first argument is that the Cross-Complaint was not filed in a timely fashion (Doc. 6, pp. 2-6).

Dawson initiated this action by filing this action on July 27, 2010 (Doc. 1, p. 9). Plaintiff has asserted that "[o]n October 14, 2010, Quaites filed a general denial and various affirmative defenses, but did not assert a counterclaim or any of the matters alleged in the Cross-Complaint" (Doc. 6, p. 3); Defendant has not refuted this assertion (*see* Doc. 11, pp. 2-3).

---

[5]As the Court found the first argument persuasive, it will not address the other two arguments.

There is no dispute that Quaites's Cross-Complaint was filed on January 30, 2011 (Doc. 1, p. 10).

The Alabama Rules of Civil Procedure[6] state the following:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Ala.R.Civ.P. 13(a). The comments following the rule state that "[a] counterclaim is compulsory if there is any logical relation of any sort between the original claim and the counterclaim." There would seem to be no dispute that the claims raised by both Dawson and Quaites arise out of the same set of circumstances. Rule 13(a)[7] clearly provides that Quaites should have filed any claims against Dawson as counterclaims in the October 14, 2010 answer.

Furthermore, procedural rules allow for amendment of pleadings. Specifically, Rule 15 states as follows:

---

[6] As the Cross-Complaint was filed while the action was still pending in the State Courts, Alabama rules apply.

[7] The Court notes that the rule provides for three exceptions, but Quaites has not claimed that any of them are applicable (*see* Doc. 11, pp. 2-3).

5

> Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court's own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires. Thereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause.

Ala.R.Civ.P. 15(a). Dawson has asserted that not only did Quaites not amend her answer and assert her compulsory counterclaims forty-two days before the first trial, she did not do so before the second trial either (Doc. 6, pp. 4-5).[8] Furthermore, the argument goes, Defendant did not seek leave of the Court to file what should have been an amended answer (rather than the Cross-Complaint).

The evidence supports Plaintiff's argument. While Quaites may be correct in asserting that the Court must, "if justice requires," treat an improperly designated defense as though it were properly labeled, *see* Fed.R.Civ.P. 8(c)(2), Defendant cannot escape the fact that she did not file her counterclaim in

---

[8]Plaintiff asserts that the first trial was set for December 7, 2010, the day default judgment was entered against Quaites (Doc. 6, p. 3).

a timely fashion and did not seek leave of the Alabama Courts to file it once the time had passed.  To this day, Quaites has not sought this Court's permission, or Plaintiff's consent, to amend her answer, though Fed.R.Civ.P. 15(a)(2) provides for such amendment "when justice so requires."  Defendant, in her response to this Motion, speaks as though this action did not exist until it arrived on this Court's doorstep (*see* Doc. 11, pp. 2-3).  The Court does not share that view.

Therefore, for the reasoning herein, it is recommended that Plaintiff's Motion to Dismiss be granted and that all claims by Defendant Quaites against Plaintiff be dismissed.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time

is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 21st day of June, 2011.

> s/BERT. W. MILLING, JR.
> UNITED STATES MAGISTRATE JUDGE