IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL DAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL NO. 11-0010-CG-M |
| v. | ) |
| | ) |
| KATINA R. QUAITES, | ) |
| | ) |
| Defendant | |

## MEMORANDUM OPINION AND ORDER ON SUMMARY JUDGMENT

This matter is before the court on the unopposed motion for summary judgment filed by the plaintiff, Michael Dawson ("Dawson"). (Doc. 50). Dawson seeks summary judgment on his state law claims for assault and battery, outrage, and negligence against the defendant, Katina Quaites ("Quaites"). For the reasons stated below, Dawson's motion is **GRANTED IN PART** and **DENIED IN PART**.

### FACTUAL BACKGROUND

Because Dawson's motion is unopposed, the court adopts the undisputed facts described in the motion and accompanying affidavit. (Doc. 50 and Doc. 50-1).

Dawson is employed as a police officer for the City of Daphne, Alabama. (Doc. 50-1 at 1). Like many Daphne police officers, Dawson frequently "moonlights" as a security guard when he is off-duty. Id. On the evening of May 27, 2009, Dawson was working as a security guard at

1

Dillard's Department Store in the Eastern Shore Center in Spanish Fort, Alabama, when store employees reported to him that they saw Quaites behaving unusually, and suspected her of stealing a dress. Id. at 2.

Specifically, the employees saw Quaites take two dresses off of a clothing rack and go into the women's changing room. Id. They then saw Quaites emerge from the dressing room with only one dress, which she returned to the rack. Id. A store employee checked the changing room but did not find the second dress. Id. The employees also reported to Dawson that there was a "bulge" in Quaites' handbag. Id. Dawson and the store employees then saw Quaites take two dresses off of another clothing rack, go into the women's changing room, and emerge with only one dress. Id. Once again, a store employee searched the women's changing room after Quaites exited, but could not find the second dress. Id.

Quaites then left Dillard's, followed by Dawson, who stopped her in the parking lot and told her to return to the store so that he could "figure out what happened." Id. Quaites returned to the store willingly; however, once back inside the store, she tried to pull away from Dawson. Id. A struggle ensued, in which several clothing racks were knocked over and during which Quaites "was yelling loudly and making a public disturbance." Id. During the struggle, Quaites pulled out a can of pepper spray that she had concealed either in her handbag or on her person. Id. at 3. She sprayed Dawson directly in the face with the pepper spray, causing intense stinging in his

eyes, nose, and mouth.  Id.  Quaites continued to try and pull free from Dawson, who did not release her.  Id.  Quaites again sprayed Dawson in the face with her pepper spray, doing so long enough for Dawson's shirt to become wet with the spray and causing burning and significant irritation to his skin that lasted for approximately three days.  Id.  Despite Quaites' repeatedly spraying him in the face with pepper spray, Dawson nevertheless detained Quaites until back-up assistance arrived from the Spanish Fort Police Department.  Id.

Quaites was arrested by the Spanish Fort police and, more than two years later, on July 15, 2011, was indicted by a Baldwin County grand jury on charges of second-degree assault on a police officer and disorderly conduct. (Doc. 50-2 at 2).  On March 23, 2012, she pled guilty to a misdemeanor charge of assault in the third degree.   Judgment was entered against her on the same day.  (Doc. 50-3).  As Dawson points out in his motion, Quaites did not file a notice of appeal within 42 days of the entry of conviction, and therefore, the judgment against her is final.  (Doc. 50 at 2) (citing Rule 4(a)(1), Alabama Rules of Appellate Procedure).

Between Quaites' arrest and indictment, Dawson filed a complaint against her in the District Court of Baldwin County on July 27, 2010, alleging state-law claims of assault and battery, outrage, and negligence, and seeking compensatory and punitive damages in the amount of $9,999.00. (Doc. 1-1).

On January 30, 2011, Quaites filed a counter-claim against Dawson and other parties, alleging multiple violations of 42 U.S.C. § 1983 and other federal statutes.  (Doc. 1 at 2).  Accordingly, the case was removed to this court on March 2, 2011.  See Doc. 1.  Quaites' counterclaim was subsequently dismissed on July 6, 2012, (Doc. 23), leaving only Dawson's state-law claim before the court pursuant to federal supplemental jurisdiction.

## LEGAL ANALYSIS

**(1)   SUPPLEMENTAL JURISDICTION**

The court first notes that, with Quaites' counterclaim having been dismissed on July 6, 2012, the only basis for the court's jurisdiction over Dawson's claim is 28 U.S.C. § 1367.  Thus, the Court may, in its discretion, decline to retain jurisdiction over these claims because it "has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3).  However, in deciding whether to exercise § 1367 jurisdiction over the defendant's counterclaims, the court should consider "concerns of comity, judicial economy, convenience, fairness, and the like." Lewis v. City of St. Petersburg, 260 F.3d 1260, 1267 (11th Cir. 2001) (citing Crosby v. Paulk, 187 F.3d 1339, 1352 (11th Cir. 1999)).  In weighing these factors, the court finds that they warrant the continued exercise of supplemental jurisdiction over Dawson's claims.  The issues raised in this case are not state law issues of first impression.  Furthermore, where the defendant has not even bothered to

respond to the plaintiff's motion for summary judgment, the court finds that requiring that Dawson go to the time and not inconsiderable expense of re-filing his motion in the state court would be both unfair and inconvenient.

**(2)   ASSAULT AND BATTERY**

"In this Circuit, the use of a criminal conviction as conclusive of an issue in subsequent civil litigation is well-established." Parris v. Town of Alexander City, 45 F.Supp.2d 1295, 1300 n.6 (M.D. Ala. 1999) (citing Matter of Raiford v. Abney, 695 F.2d 521, 523 (11th Cir. 1983)).  Quaites pled guilty to and was convicted of assault in the third degree with regard to the incident in question.  (Docs. 50-3 and 50-4).  Thus, it has been conclusively established as necessary elements of her conviction that Quaites caused physical injury to Dawson with the intent to cause physical injury to him.  Accordingly, Dawson's motion is due to be granted in part with regard to his state-law claim of assault and battery.

**(3)   OUTRAGE**

The same cannot be said with regard to Dawson's state-law claim of outrage.  The Alabama Supreme Court has recognized the tort of outrage in only three areas: "(1) wrongful conduct within the context of family burials;[1] (2) an insurance agent's coercing an insured into settling an insurance claim;[2]

---

[1] See e.g., Gray Brown-Service Mortuary, Inc. v. Lloyd, 729 So.2d 280 (Ala. 1999) (cemetery's secretive disinterment and gross abuse of corpse supported judgment in favor of plaintiff).
[2] See e.g., National Security Fire & Cas. Co. v. Bowen, 447 So.2d 133, 141 (Ala. 1983) (insurance investigators' orchestration of false criminal charges

5

and (3) egregious sexual harassment."[3]  <u>Callens v. Jefferson County Nursing Home</u>, 769 So.2d 273, 281 (Ala. 2000).  Outside of these categories, shocking conduct is often deemed by Alabama courts to be insufficient to create a jury question.  <u>Styron v. City of Foley</u>, 2005 WL 3098926, *6 (S.D. Ala. 2005).

Here, none of Dawson's allegations fall within the three areas recognized by the Alabama Supreme Court and do not, as a matter of law, constitute the tort of outrage.  Accordingly, the court finds that Dawson's state law outrage claim is due to be dismissed with prejudice.

**(4)    NEGLIGENCE**

Dawson also alleges that Quaites negligently injured him.  (Doc. 1-1).  As Quaites does not dispute Dawson's motion, the allegation is deemed admitted and the court finds that Dawson's motion is due to be granted in part with regard to his negligence claim.

**(5)    DAMAGES**

Dawson seeks compensatory and punitive damages for the physical pain and suffering resulting from Quaites' assault.  (Doc. 50 at 3).  Dawson concedes that he incurred neither medical expenses nor lost wages.  <u>Id.</u>  However, he argues that he is entitled to compensatory damages of $4,999.00

---

against insured, threats of harm to insured's son, and holding insured at gunpoint to coerce settlement of insurance claim was conduct "so horrible, so atrocious, [and] so barbaric" as to constitute outrage).

[3] <u>See</u> e.g., <u>Machen v. Childersburg Bancorporation</u>, 761 So.2d 981 (Ala. 1999) (reversing summary judgment on finding that evidence of repeated inappropriate sexual conduct by plaintiff's supervisor at work precluded summary judgment).

6

for the pain and suffering he experienced when Quaites sprayed him directly in the face with pepper spray. Id.  Dawson also argues that he is entitled to $5,000.00 in punitive damages because the assault was attended by "particularized circumstances of aggravation or insult." Id. at 3 (citing Peete v. Blackwell, 504 So.2d 222, 223 (Ala. 1986).

### (a) Compensatory Damages

As stated above, the facts alleged in Dawson's motion are deemed admitted because Quaites has not disputed or otherwise responded to them. Accordingly, the court finds that Dawson experienced pain and suffering when Quaites repeatedly sprayed him in the face with pepper spray, and for several days thereafter.  The court further deems admitted the proposition that $4,999.00 is not excessive to compensate Dawson.

### (b) Punitive Damages

The Alabama Supreme Court has held that "rules regarding the award of punitive damages for assault and battery are relatively clear and well-established." Peete, 504 So.2d at 223.  Punitive damages are available for assault and battery where the assault was "committed with malice, willfulness, or wanton and reckless disregard of the rights of others." Surrency v. Harbison, 489 So.2d 1097, 1105 (Ala.1986).  Furthermore, actual injury is not necessary for an assault and battery claim. Id. at 1104.  Here, the court deems admitted the allegation that Quaites' committed the assault on Dawson with the requisite malice, willfulness, and wanton and reckless

7

disregard of Dawson's rights. Accordingly, the court grants Dawson's request for punitive damages in the amount of $5,000.00.

## CONCLUSION

Dawson's motion for summary judgment is hereby **GRANTED IN PART** with regard to his state-law claims of assault and battery and negligence. The court awards compensatory damages to Dawson in the amount of $4,999.00 and punitive damages in the amount of $5,000.00. Dawson's motion is **DENIED IN PART** with regard to his state-law claim of outrage, which claim is accordingly **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** this 13th day of September, 2012.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE